UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| LLOYD E. SCHLUP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:11-CV-154-LMB |
| | ) |
| CREMER THERAPEUTIC | ) |
| TREATMENT CENTER, et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court upon the motion of Lloyd E. Schlup (registration no. 40002) for leave to commence this action without payment of the required filing fee.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly

payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $120.33, and an average monthly balance of $29.29. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $24.07, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. <u>Denton v. Hernandez</u>, 504 U.S. 25, 32-33 (1992); <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).

## The Complaint

Plaintiff, an inmate at Southeast Correctional Center ("SECC"), seeks monetary relief in this action for the violation of his constitutional rights under 42 U.S.C. § 1983. Named as defendants are Cremer Therapeutic Treatment Center, Carol J. Bates (Toxicology Lab Manager), and John Roach (Corrections Officer). Plaintiff alleges that he was erroneously found guilty of a conduct violation based upon a faulty urinalysis exam. He claims that as a result of a false-positive indicating the presence of Ketamine, he was "placed in administrative segregation."

## Discussion

Having carefully reviewed the complaint, the Court concludes that dismissal is warranted under 28 U.S.C. § 1915(e)(2)(B). Plaintiff's allegations do not implicate constitutionally protected interests, because they do not constitute an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." <u>Sandin v. Conner</u>, 515 U.S. 472 (1995). Moreover, plaintiff's allegations do not indicate that

he has suffered the type of atypical and significant hardship in which the state might conceivably create a liberty interest. Cf. id. at 485-86 (no atypical and significant hardship where inmate spent thirty days in solitary confinement); Hemphill v. Delo, 124 F.3d 208 (8th Cir. 1997)(same; four days locked in housing unit, thirty days in disciplinary segregation, and approximately 290 days in administrative segregation); Freitas v. Ault, 109 F.3d 1335, 1337-38 (8th Cir. 1997) (same; ten days administrative segregation and thirty days on "on-call" status, as well as loss of higher paying job and numerous privileges); Wycoff v. Nichols, 94 F.3d 1187, 1190 (8th Cir. 1996)(same; ten days disciplinary detention and 100 days in maximum-security cell); Moorman v. Thalacker, 83 F.3d 970, 973 (8th Cir. 1996) (same; fifteen days of highest-level disciplinary detention and 107 days of less-restrictive disciplinary detention).

The Court further notes that plaintiff is bringing this action against the individual defendants, Carol Bates and John Roach, in their official capacities. See Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995)(where a complaint is silent about defendant's capacity, Court must interpret the complaint as including official-capacity claims); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of

Missouri. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." Id. As a result, the complaint is legally frivolous and fails to state a claim upon which relief can be granted.

For the above-stated reasons, the Court will dismiss this action under 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $24.07 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED** as moot.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this <u>8th</u> day of September, 2011.

                                                UNITED STATES DISTRICT JUDGE